UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **LUIS PINTO, SJUR MADSGARD**, and **FUTURE HOLDINGS ASSOCIATES, LLC**<br><br>Plaintiffs,<br><br>v.<br><br>**ALLSTATE INSURANCE COMPANY**<br><br>Defendant. | Civil Action No.: 22-cv-07167<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT ALLSTATE INSURANCE COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT FOR MONETARY AND DECLARATORY RELIEF**

Defendant Allstate Insurance Company ("Allstate"), by and through its undersigned counsel, sets forth the following for its Answer to Plaintiffs' Complaint:

**INTRODUCTION**

1. Allstate denies that it "employs" local sales agents but admits that it enters into and executes agreements with independent contractors to sell certain Allstate insurance products. Allstate denies that it "unjustly terminated Plaintiffs' agency agreements" and denies the remaining allegations contained in paragraph 1.

2. Allstate denies the allegations found in paragraph 2.

3. Allstate denies that it engaged in any wrongdoing and therefore denies the allegations contained in paragraph 3.

**JURISDICTION AND VENUE**

4. Allstate reasserts and realleges its Answers to the allegations contained in paragraphs 1 through 3 as and for its Answer to paragraph 4.

5. Allstate admits that its corporate headquarters is located in the State of Illinois. The remaining allegations set forth in paragraph 5 consist of legal conclusions to which no response is required. To the extent that a response is required, Allstate denies the remaining allegations contained in paragraph 5.

6. Allstate admits that this is a matter between citizens of different states and that Plaintiffs alleged more than $75,000 in this controversy. Answering further, Allstate admits that Plaintiffs' allegations lack merit, denies that Plaintiffs have suffered any damage as a result of any illegal or improper conduct by Allstate, denies that Plaintiffs are entitled to a judgment in any amount whatsoever or for any reason whatsoever, and denies the remaining allegations contained in paragraph 6.

7. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Allstate admits that 28 U.S.C. §§ 2201 and 2202 grant courts with the authority to provide declaratory relief, and Rule 57 of the Federal Rules of Civil Procedure governs the procedure for obtaining declaratory judgment in federal court. Allstate denies that Plaintiffs are entitled to declaratory relief, or any relief whatsoever, and denies the remaining allegations contained in paragraph 7.

8. Allstate admits that its corporate headquarters is located in the State of Illinois and this Court has jurisdiction over Allstate. The remaining allegations set forth in paragraph 8 consist of legal conclusions to which no response is required. To the extent that a response is required, Allstate denies the remaining allegations contained in paragraph 8.

9. Allstate admits that its corporate headquarters is located in this District and that venue is proper in this District. Allstate denies the remaining allegations contained in paragraph 9.

10. Allstate admits that its corporate headquarters is located in this District and venue is proper in this District. Allstate denies the remaining allegations contained in paragraph 10.

## PARTIES

11. Allstate reasserts and realleges its Answers to the allegations contained in paragraphs 1 through 10 as and for its Answer to paragraph 11.

12. Allstate admits that its headquarters is in Northbrook and denies the remaining allegations contained in paragraph 12.

13. Allstate admits that its corporate headquarters is located in the State of Illinois. The remaining allegations set forth in paragraph 13 consist of legal conclusions to which no response is required. To the extent that a response is required, Allstate denies the remaining allegations contained in paragraph 13.

14. Allstate admits that Plaintiff Pinto is a natural person and lacks sufficient information with which to admit or deny the remaining allegations contained in paragraph 14 and therefore denies the remaining allegations.

15. Allstate admits that Plaintiff Madsgard is a natural person and lacks sufficient information with which to admit or deny the remaining allegations contained in paragraph 15 and therefore denies the remaining allegations.

16. Based upon information and belief, Allstate admits that Pinto and Madsgard are 50-50 owners of Luis Pinto Agency. Allstate lacks sufficient information with which to admit or deny the allegations contained in paragraph 16 and therefore denies them.

17. Allstate admits that Future Holdings Associates, LLC entered into an Allstate R3001C Exclusive Agency Agreement on June 1, 2019. Allstate lacks sufficient information with which to admit or deny the remaining allegations found in paragraph 17 and therefore denies them.

18. Allstate lacks sufficient information with which to admit or deny the allegations contained in paragraph 18 and therefore denies them.

## FACTUAL ALLEGATIONS

19. Allstate reasserts and realleges its Answers to the allegations contained in paragraphs 1 through 18 as and for its Answer to paragraph 19.

20. Allstate admits that Allstate EAs are independent contractors who are authorized to sell certain insurance products on behalf of Allstate and pursuant to the terms of the EA Agreement. Allstate also admits that EAs receive commissions for the sale of Allstate and other insurance policies and denies the remaining allegations contained in paragraph 20 to the extent the allegations conflict with the terms of the EA Agreement.

21. Allstate admits the allegations contained in paragraph 21.

22. Allstate admits the allegations contained in paragraph 22.

23. The allegations of this paragraph consist of legal conclusions and questions of law to which no response is required. To the extent that a response is required, Allstate admits that it enters into the EA Agreement with EAs and denies the remaining allegations contained in paragraph 23 and any allegation that is inconsistent with the terms of the EA Agreement.

24. Allstate admits that Section I.E. of the R3001 Agreement states that Exclusive Agents "will not, either directly or indirectly, solicit, sell, or service insurance of any kind for any other company, agent, or broker, or refer a prospect to another company, agent, or broker, without the prior written approval of the Company." Allstate denies any allegations that are not consistent with the terms of the EA Agreement and denies the remaining allegations contained in paragraph 24.

25. Allstate admits that Allstate owns the "business" produced pursuant to the EA Agreement and that the EA, pursuant to Section XVI(B) of the EA Agreement, has an economic

interest, as defined in the EA Agreement and the incorporated Supplement and EA Manual, in the accounts developed under the EA Agreement. Allstate denies the remaining allegations contained in paragraph 25.

26. Allstate admits that, under Section XVI(B) of the EA Agreement, an "Agency has an economic interest, as defined in this Agreement and the incorporated Supplement and EA Manual, in its Allstate customer accounts developed under this Agreement." Allstate further admits that, under Section XVI(A), an "Agency may not execute a transfer of its interest in this Agreement without the prior written approval of the Company." Allstate denies any allegation in paragraph 26 that contradicts the terms of the EA Agreement and denies the remaining allegations contained in paragraph 26.

27. Paragraph 27 contains opinions and conjecture to which no response is required. To the extent a response is required, Allstate denies the allegations.

28. Allstate admits that Pinto, as the "Key Person" for Future Holdings, executed a R3001C Agreement with Allstate on behalf of Future Holdings. Allstate denies that Madsgard had any relationship with Allstate and denies the remaining allegations set forth in paragraph 28.

29. Allstate admits that the EA Agreement was created by Allstate. Allstate denies the remaining allegations contained in paragraph 29.

30. Allstate admits that Plaintiff Pinto became a Key Person for Future Holdings and Future Holdings operated an Allstate Exclusive Agency. Allstate denies the remaining allegations contained in paragraph 30.

31. Allstate admits that Pinto and Future Holdings operated Pinto Insurance Agency in Davidson, North Carolina. Allstate denies the remaining allegations contained in paragraph 31.

32. Allstate admits that it presented the EA Agreement to Pinto and Future Holdings. Allstate denies the remaining allegations in paragraph 32.

33. Allstate admits that Allstate enters into an R3001C Agreement with an Agency "in reliance upon and in consideration of the skills, qualifications, and representations of" the "Key Person," who Agency agrees to employ. *See* Section II(E) of R3001C Agreement. Allstate further admits that the Key Person executes the agreement along with the Agency. Allstate denies the remaining allegations in paragraph 33.

34. Allstate admits that, pursuant to Section II(E) of R3001C Agreement between Allstate and Future Holdings, Pinto is identified as the Key Person. Allstate denies the remaining allegations in paragraph 34.

35. Allstate admits that on March 13, 2019 Allstate received a document titled Agency Ownership Disclosure Form, which indicated that Pinto and Madsgard each had a 50% ownership interest in Luis Pinto Agency. Allstate denies all further allegations set forth in paragraph 35.

36. Allstate denies the allegations in paragraph 36.

37. Allstate denies the allegations in paragraph 37.

38. Allstate admits that Future Holdings and Allstate entered into a R3001 Independent Contractor Exclusive Agency Agreement on April 1, 2019 and Pinto was the Key Person of Future Holdings. Allstate denies the remaining allegations contained in paragraph 38.

**DEFENDANT ALLSTATE'S ALLIANCE DATABASE**

39. Allstate reasserts and realleges its Answers to the allegations contained in paragraphs 1 through 38 as and for its Answer to paragraph 39.

40. Allstate admits that, while Futures Holding had an EA Agreement with Allstate, Allstate EAs were using the Alliance system to generate quotes and insurance applications. Allstate denies the remaining allegations contained in paragraph 40.

41. Allstate lacks sufficient information with which to admit or deny the allegations contained in paragraph 41 and therefore denies them.

42. Allstate lacks sufficient information with which to admit or deny the allegations contained in paragraph 42 and therefore denies them.

43. Allstate lacks sufficient information with which to admit or deny the allegations contained in paragraph 43 and therefore denies them.

44. Allstate admits that, while Futures Holding had an EA Agreement with Allstate, the Alliance system was used to generate quotes and insurance applications. Allstate denies the remaining allegations contained in paragraph 44.

45. Allstate admits that EAs are expected and required to supply Allstate with accurate customer and underwriting information and that it issues guidance and policies from time-to-time relating to underwriting requirements. Allstate further admits that one such policy was for EAs to ask prospective customers if they are the same person found by Alliance. Allstate denies the remaining allegations contained in paragraph 45.

46. Allstate admits that EAs and Licensed Sales Professionals used Alliance and received guidelines and instructions on how to use Alliance. Allstate denies that Plaintiffs have accurately stated the processes, policies, and guidelines surrounding Alliance in paragraph 46, denies any allegation in paragraph 46 that is not consistent with the policies, processes and guidelines surrounding Alliance, and denies the remaining allegations contained in paragraph 46.

47. Allstate denies the allegations in paragraph 47.

48. Allstate denies the allegations contained in paragraph 48.

**ALLSTATE'S ALLIANCE SYSTEM WAS BROKEN – AND ALLSTATE KNEW IT**

49. Allstate reasserts and realleges its Answers to the allegations contained in paragraphs 1 through 48 as and for its Answer to paragraph 49.

50. Allstate denies the allegations contained in paragraph 50.

51. Allstate denies the allegations contained in paragraph 51.

52. Allstate denies the allegations contained in paragraph 52.

53. Allstate denies the allegations contained in paragraph 53.

54. Allstate denies the allegations contained in paragraph 54.

55. Allstate denies the allegations contained in paragraph 55.

56. Allstate denies the allegations contained in paragraph 56.

57. Allstate denies the allegations contained in paragraph 57.

58. Allstate denies the allegations contained in paragraph 58.

59. Allstate denies that the "Alliance [was] broke" and/or that Allstate acted dishonestly, in bad faith, and/or with malice. Allstate denies the remaining allegations contained in paragraph 59.

60. Allstate denies that its allegations were baseless and therefore denies the allegations contained in paragraph 60.

61. Allstate denies the allegations contained in paragraph 61.

62. Allstate denies the allegations contained in paragraph 62.

63. Allstate denies the allegations contained in paragraph 63.

64. Allstate denies the allegations contained in paragraph 64.

65. Allstate denies that it made any baseless and/or false allegations and therefore denies the allegations in paragraph 65.

66. Allstate denies that Plaintiffs provided any accurate or justified "exculpatory" information, admits that it responded to North Carolina Department of Insurance correspondence on January 28, 2021, and denies the remaining allegations contained in paragraph 66.

67. Allstate denies the allegations contained in paragraph 67.

68. Allstate denies the allegations contained in paragraph 68.

69. Allstate denies the allegations contained in paragraph 69.

70. Allstate admits that it terminated the EA Agreement between Future Holdings and Allstate on January 11, 2021. Allstate lacks sufficient information with which to admit or deny the remaining allegations contained in paragraph 70 and therefore denies them.

71. Allstate denies the allegations contained in paragraph 71.

72. Allstate denies the allegations contained in paragraph 72.

73. Allstate denies the allegations contained in paragraph 73.

74. Allstate denies the allegations contained in paragraph 74.

75. Allstate denies the allegations contained in paragraph 75.

76. Allstate denies the allegations contained in paragraph 76.

77. Allstate admits that it has and follows certain policies for adding additional drivers to a policy, denies that Plaintiffs have fully and accurately stated those policies, and denies the remaining allegations in paragraph 77.

78. Allstate denies the allegations contained in paragraph 78.

79. Allstate denies the allegations contained in paragraph 79.

80. Allstate denies the allegations contained in paragraph 80.

81. Allstate denies the allegations contained in paragraph 81.

82. Allstate lacks sufficient information with which to admit or deny the allegations contained in paragraph 82 and therefore denies them.

83. Allstate admits that it identified more than 14 auto policies written by Plaintiffs from December 1, 2019 to June 1, 2020 that had potential ratings concerns. Allstate lacks sufficient

information with which to admit or deny the remaining allegations contained in paragraph 83 and therefore denies them.

84. Allstate denies that Plaintiffs only falsely originated 14 policies and lacks sufficient information with which to admit or deny the remaining allegations contained in paragraph 84 and therefore denies them.

85. Allstate denies the allegations contained in paragraph 85.

86. Allstate lacks sufficient information with which to admit or deny the allegations contained in paragraph 86 and therefore denies them.

## ALLSTATE'S FRAUDULENT INDUCEMENTS

87. Allstate reasserts and realleges its Answers to the allegations contained in paragraphs 1 through 86 as and for its Answer to paragraph 87.

88. Allstate admits that Kristin Vidd met with Pinto and Madsgard before Pinto became a "Key Person" for an Allstate Exclusive Agency. Allstate admits that it provides marketing materials regarding its business and, in August 2018, those marketing materials included one such marketing brochure titled "Invest in Your Future," which is a document that speaks for itself. Allstate lacks sufficient information and/or knowledge to admit or deny the remaining allegations and therefore denies the remaining allegations contained in paragraph 88.

89. Allstate lacks sufficient information with which to admit or deny the allegations contained in paragraph 89 and therefore denies them.

90. Allstate denies the allegations contained in paragraph 90.

91. Allstate denies the allegations contained in paragraph 91.

92. Allstate denies the allegations contained in paragraph 92.

93. Allstate denies that the statements contained in the marketing brochure were false or misleading. Allstate lacks information with respect to the remaining allegations to either admit

or deny the remaining allegations contained in paragraph 93 and therefore denies the remaining allegations.

94. Allstate denies making any false statement in its brochure and/or during Pinto's on-boarding education. Allstate lacks sufficient information with which to admit or deny the remaining allegations contained in paragraph 94 and therefore denies them.

95. Allstate denies that it made any false statement during Pinto's on-boarding education or training. Allstate denies the remaining allegations contained in paragraph 95.

96. Allstate denies that it made any false statement during Pinto's on-boarding education or training. Allstate lacks sufficient information with which to admit or deny the remaining allegations contained in paragraph 96 and therefore denies the remaining allegations.

97. Allstate denies the allegations contained in paragraph 97.

98. Allstate denies the allegations contained in paragraph 98.

99. Allstate lacks sufficient information with which to admit or deny the allegations contained in paragraph 99 and therefore denies them.

## COUNT I: BREACH OF CONTRACT

100. Allstate reasserts and realleges its Answers to the allegations contained in paragraphs 1 through 99 as and for its Answer to paragraph 100.

101. This paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent that a response is required, Allstate admits that plaintiffs bringing a breach of contract claim under Illinois law must prove, *inter alia*, the elements described in paragraph 101.

102. Allstate admits the allegations contained in paragraph 102.

103. Allstate admits that Future Holdings and Pinto were required to perform under the terms of the EA Agreement and that they failed to do so. Allstate denies the remaining allegations contained in paragraph 103 to the extent the allegations contradict the terms of the EA Agreement.

104. Allstate denies the allegations contained in paragraph 104.

105. Allstate denies the allegations contained in paragraph 105.

106. Paragraph 106 sets forth legal conclusions and questions of law to which no response is required. To the extent that a response is deemed required, Allstate admits that Plaintiffs accurately quoted a portion of the case cited.

107. Allstate admits that it may terminate EA Agreements for cause. Allstate denies the remaining allegations in paragraph 107.

108. Allstate denies the allegations contained in paragraph 108.

109. Allstate denies the allegations contained in paragraph 109.

110. Allstate lacks information with which to admit or deny the allegations contained in paragraph 110 and therefore denies the allegations in paragraph 110.

111. Allstate denies the allegations contained in paragraph 111.

112. Allstate admits that it terminated Plaintiffs' contracts for cause on January 11, 2021. Allstate denies the remaining allegations contained in paragraph 112.

113. Allstate denies the allegations contained in paragraph 113.

114. Allstate denies that it breached the EA Agreements. Allstate further denies that it caused any harm to Plaintiffs. Allstate denies the remaining allegations contained in paragraph 114.

## COUNT II: FRAUDULENT INDUCEMENT

115. Allstate reasserts and realleges its Answers to the allegations contained in paragraphs 1 through 114 as and for its Answer to paragraph 115.

116. Allstate lacks sufficient information with which to admit or deny the allegations contained in paragraph 116 and therefore denies them.

117. Allstate denies that it made any false representations to Plaintiffs. Allstate denies the remaining allegations contained in paragraph 117.

118. Allstate denies that it made any false statements and denies the allegations contained in paragraph 118.

119. Allstate denies that it made any false representations and lacks sufficient information with which to admit or deny the remaining allegations contained in paragraph 119 and therefore denies the remaining allegations contained in paragraph 119.

120. Allstate denies that it made false statements and therefore denies the allegations contained in paragraph 120.

121. Allstate denies that it made false statements and therefore denies the allegations contained in paragraph 121.

122. Allstate denies making any false representations and therefore denies the allegations contained in paragraph 122.

123. Allstate denies that it fraudulently induced Plaintiffs to enter into the EA Agreement and therefore denies the allegations contained in paragraph 123.

**COUNT III: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

124. Plaintiffs voluntarily dismissed Count III of their Complaint with prejudice on May 1, 2023 and no response to paragraph 124 is therefore required.

125. Plaintiffs voluntarily dismissed Count III of their Complaint with prejudice on May 1, 2023 and no response to paragraph 125 is therefore required.

126. Plaintiffs voluntarily dismissed Count III of their Complaint with prejudice on May 1, 2023 and no response to paragraph 126 is therefore required.

127. Plaintiffs voluntarily dismissed Count III of their Complaint with prejudice on May 1, 2023 and no response to paragraph 127 is therefore required.

128. Plaintiffs voluntarily dismissed Count III of their Complaint with prejudice on May 1, 2023 and no response to paragraph 128 is therefore required.

**COUNT IV: UNJUST ENRICHMENT**

129. This paragraph contains legal conclusions to which no response is required. To the extent that a response is required, Allstate denies the allegations in paragraph 129 on the basis that *Bureau Service Co. v. King*, 721 N.E.2d 159 (Ill. App. Ct. 1999) does not stand for the proposition cited.

130. This paragraph contains legal conclusions to which no response is required. To the extent that a response is required, Allstate denies the allegations in paragraph 130 on the basis that *Guinn v. Hoskins Chevrolet*, 836 N.E.2d 681, 704 (Ill. App. Ct. 2005) is distinguishable and thus does not apply to the case at bar.

131. Allstate reasserts and realleges its Answers to the allegations contained in the corresponding paragraphs for its Answer to paragraph 131.

132. Allstate denies the allegations contained in paragraph 132.

133. Allstate denies that it made "fraudulent communications" and therefore denies the allegations contained in paragraph 133.

134. Allstate denies that it engaged in a fraudulent scheme and therefore denies the allegations contained in paragraph 134.

135. Allstate denies that it engaged in a fraudulent scheme and/or made misrepresentations and therefore denies the allegations contained in paragraph 135.

136. Allstate denies that it made false representations and therefore denies the allegations contained in paragraph 136.

137. Allstate denies that it made false representations and therefore denies the allegations contained in paragraph 137.

138. Allstate denies that it deceived Plaintiffs and therefore denies the allegations contained in paragraph 138.

139. Allstate denies that it made fraudulent statements and/or false allegations and therefore denies the allegations contained in paragraph 139.

140. Allstate denies that it made fraudulent allegations and therefore denies the allegations contained in paragraph 140.

141. Allstate denies the allegations contained in paragraph 141.

142. Allstate denies the allegations contained in paragraph 142.

143. Allstate denies the allegations contained in paragraph 143.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiffs demand judgment against Defendant Allstate as follows:

(a) For money damages, to wit: economic harm and/or restitution in a sum not less than $4,000,000.00;

(b) For declaratory relief, to wit: declaring that Defendant Allstate breached the EA Agreement by terminating Plaintiffs' EA Agreement for their having engaged in Allstate- approved business conduct and taking action that was arbitrary, punitive, and/or otherwise inconsistent with the parties' reasonable expectations under the EA Agreements;

(c) For punitive damages;

(d) For pre-judgment and post-judgment interest, as provided by law;

(e) For attorneys' fees, expenses, and costs of this action; and

(f) For all other and further relief that this Court deems appropriate.

144. This paragraph constitutes Plaintiffs' request for relief to which no response is required. To the extent a response is required, Allstate denies that Plaintiffs are entitled to the relief sought or to any relief whatsoever.

## **AFFIRMATIVE DEFENSES**

Defendant Allstate hereby asserts the following Affirmative Defenses:

1. Plaintiffs' claims are barred by the doctrine of unclean hands.

2. Plaintiffs engaged in a material breach of the Allstate Exclusive Agency Agreement on which they base their claims, thereby excusing any non-performance by Allstate.

3. Plaintiffs have failed to state a claim upon which relief can be granted.

4. Plaintiffs have not been damaged by the conduct alleged in the Complaint.

5. Plaintiffs' claims are barred in whole or in part because Plaintiff failed to mitigate its alleged damages, if any.

6. Plaintiffs' breach of contract claim is barred because Allstate did not breach any alleged agreement or contract between Plaintiffs and Allstate.

7. Plaintiffs' fraudulent inducement claim is barred by the doctrine of *In pari delicto*.

8. Plaintiffs' claims are barred because Plaintiff violated the implied covenant of good faith and fair dealing.

9. Allstate, in good faith, performed the express terms of the contract.

10. Plaintiffs' claims are barred by the doctrine of equitable estoppel.

11. Plaintiffs' fraudulent inducement claim is barred because Allstate did not knowingly make a false statement of material fact.

12. Plaintiffs' fraudulent inducement claim is barred because Plaintiffs did not justifiably or reasonably rely on Allstate's alleged misrepresentation in accepting the contract.

13. Plaintiffs' fraudulent inducement claim is barred because Allstate's alleged

misrepresentation or false promise did not directly or proximately cause Plaintiffs' alleged damages.

## CONCLUSION

WHEREFORE, Allstate denies that Plaintiffs are entitled to any relief whatsoever and/or in any amount whatsoever, and respectfully request that this Court enter an order: (1) dismissing the Complaint in its entirety; (2) denying all requested relief contained therein; (3) granting Allstate an award for costs and all reasonable attorneys' fees incurred in the defense of this action; and (4) granting all other necessary and proper relief as justice so requires.

## JURY DEMAND

Allstate demands a jury trial on all counts.

Dated: May 1, 2023

Respectfully submitted,

/s/ J. Scott Humphrey
J. Scott Humphrey
Kate Watson Moss
Samantha Roth
Benesch, Friedlander, Coplan & Aronoff LLP
71 South Wacker Drive, Suite 1600
Chicago, Illinois 60606-4637
Tele: 312.212.4949
shumphrey@beneschlaw.com
kwatsonmoss@beneschlaw.com
sroth@beneschlaw.com

*Counsel for Defendant Allstate Insurance Company*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of May, 2023, the foregoing was filed electronically. Notice of this filing will be sent to all parties of record by operation of the Court's electronic filing system.

                                            */s/ J. Scott Humphrey*

                                                 J. Scott Humphrey

                                            *One of the Attorneys for Defendant Allstate Insurance Company*