UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **LUIS PINTO, SJUR MADSGARD**, and **FUTURE HOLDINGS ASSOCIATES, LLC**<br><br>Plaintiffs,<br><br>v.<br><br>**ALLSTATE INSURANCE COMPANY**<br><br>Defendant. | Civil Action No.: 22-cv-07167<br><br>Honorable Joan B. Gottschall<br><br>**Honorable Maria Valdez** |

JOINT STATUS REPORT

Pursuant to the Court's August 14, 2024 Minute Entry (Dkt. 69) (ordering the parties to file a joint status report detailing discovery progress and prospects of settlement no later than August 15, 2024), Plaintiffs Luis Pinto, Sjur Madsgard, and Future Holdings Associates, LLC ("Plaintiffs") and Defendant Allstate Insurance Company ("Defendant") submit this Joint Status Report.

1. **Summary of Claims**

Plaintiffs' First Amended Complaint alleges claims against Defendant for breach of contract and unjust enrichment. *See* Dkt. 28. Defendant denies liability and asserts various affirmative defenses in its Answer. *See* Dkt. 26.

2. **Brief Statement of Relief Sought**

Plaintiffs seek (i) monetary damages not less than $4,000,000; (ii) a declaration that Defendant breached its agreement with Plaintiffs; (iii) punitive damages; (iv) pre- and post-judgment interest; (v) attorneys' fees, expenses, and costs; and (vi) "all other and further relief that this Court deems appropriate." *See* Dkt. 28.

3. **Discovery Progress**

1

Discovery is moving on this case. The parties resolved several outstanding issues which were laid out in their Joint Status Report, filed July 30, 2024. Dkt. 67. In addition, as stated in the Joint Status Report, filed August 15, 2024, see Dkt. 70, Defendant provided dates for three 30(b)(6) depositions. Those depositions were completed. Plaintiffs are currently taking a fact witness, investigator Izabela Zeglen, and are in the midst of completing that deposition in order to accommodate defense counsel's and Zeglen's (who is eight months pregnant) schedule. The parties have also navigated potentially two areas of conflict: securing dates for witnesses (considerably more difficult than first anticipated) and engaging in more paper discovery following depositions to finalize fact discovery.

Accordingly, the parties need clarity on an issue. As mentioned in the previous Status Report, Dkt. 70, discovery of new documents may emerge from that depositions. When that occurs, may either party serve upon the other requests for production solely relating to the new documents or information? The Court's last order in this regard, Dt. 71, set the completion of "Fact Discovery" for October 9, 2024. The parties are working to get fact discovery done. But to the extent newly discovered information becomes known to a party, both sides need to know if they could request that information without fear of being "out of time" to do so.

In any event, depositions continue. The parties are working together to get dates that are workable for all. That has not been an easy process, and unfortunately, there are concerns that all depositions cannot be finished by October 9, 2024. And while 3-4 depositions have been completed, the parties have agreed that the remaining depositions must be completed. Here in this Joint Status Report, the parties seek to complete the depositions of:

1) Allstate employee Means;

2) Allstate employee Goddard;

3) Allstate employee Uschelbec;

        4)        Allstate employee Bradley; and

        5)        Plaintiffs' depositions (Mr. Pinto and Mr. Madsgard).

And so, the parties are asking for an additional 30 days to accomplish the twin goals of wrapping up these witnesses and preparing for mediation.

**4.      Settlement**

The prospect of settling this case is starting to come into focus. The parties believe that settlement discussions might be fruitful once the remaining depositions are complete and prior to engaging in expert discovery. If the parties believe that a mediation or settlement conference may be beneficial, the parties will look contact the court in the next 30 to 60 days regarding their selection of a mediator and/or to request for a settlement conference..

**5.      Settlement Negotiations**

As of the present date, the parties agree that a mediation could be fruitful once the remaining depositions are completed.

Respectfully Submitted,

/s/ Robert F. DiCello
Robert F. Dicello
Rachel L. Bussett
Adam J. Levitt
DICELLO LEVITT LLP
Ten North Dearborn Street, Sixth Floor
Chicago, Illinois 60602
(312) 214-7900
rfdicello@dicellolevitt.com
rbussett@dicellolevitt.com
alevitt@dicellolevitt.com

*Counsel for Plaintiffs Luis Pinto, Sjur Madsgard, and Future Holdings Associates, LLC*

Dated: September 16, 2024

/s/ J. Scott Humphrey
J. Scott Humphrey
Kate Watson Moss
Samantha Roth
Benesch, Friedlander, Coplan & Aronoff LLP
71 South Wacker Drive, Suite 1600
Chicago, Illinois 60606-4637
312.212.4949
shumphrey@beneschlaw.com
kwatsonmoss@beneschlaw.com
sroth@beneschlaw.com

*Counsel for Defendant Allstate Insurance Company*

## \CERTIFICATE OF SERVICE

      I hereby certify that on September 16, 2024 a copy of the foregoing JOINT STATUS REPORT was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

                                                                              */s/ J. Scott Humphrey*
                                                                              J. Scott Humphrey

                                                                              *Attorney for Defendant*